THE STATE V. THE RIO GRANDE RAILROAD COMPANY.

1. PROCEEDINGS AGAINST A RAILROAD COMPANY TO FORFEIT ITS CHARTER.—An information by the District Attorney against a railroad company, for the purpose of forfeiting its charter, will not lie, save for an act made a cause of forfeiture by its charter, or for willful abuse or improper neglect on the part of the company.
2. ELECTION OF REMEDIES—PRACTICE.—Such remedy would not lie on complaint of a stockholder who had instituted proceedings to enforce his rights against the company. Such former suit is an election of remedies conclusive against him.

APPEAL from Cameron. Tried below before the Hon. W. H. Russell.

*E. J. Davis,* for appellee.

REEVES, ASSOCIATE JUSTICE.—This is a proceeding by information in the District Court of Cameron county, brought by the District Attorney, and prosecuted in the name of the State of Texas against appellees to forfeit their charter on the ground stated in the petition.

The petition charges that Augustin Mirallis and Edwardo Garcia, being the owners of certain shares in the capital stock of the company, transferred the same by written conveyance to William Kelly; that Kelly was entitled to have the same recorded in the books of the company, and to have the stock transferred to his name, in accordance with the provisions of the first section of the act incorporating the company, but which the secretary of the company refused to do, on request, in violation of the rights of said Kelly, and alleging the same to be a cause of forfeiture of the charter of the company.

The company interposed a general demurrer, and then a plea in bar. The demurrer was sustained, and the District Attorney excepted to the ruling, and gave notice of appeal, and assigns for error that the District Court erred in overruling the plaintiff's motion to strike out the gen-

eral demurrer of the defendant, and in sustaining the de-
fendant's general demurrer and dismissing the cause.

Without brief or argument for the State, we are not
informed of the grounds on which the court acted in sus-
taining the demurrer.

One of the sections of the statute relied upon as a ground
to forfeit the charter of company, and set out in the peti-
tion, is in the following words, (being the second section
of a general railroad act of Dec. 19, 1857, Pas. Dig., art.
4909:) "Every railroad company heretofore incorporated,
or which may hereafter be incorporated by the Legislature
of this State, shall be required to keep its stock books at
the principal office of the company on the line of its road,
in which books shall be entered all certificates of the capi-
tal stock issued by said company, and all transfers of stock
shall be entered in such books, which at all reasonable
business hours shall be open to the inspection of each
stockholder."

The act of incorporation of Aug. 13, 1870, in the first
section provides, among other things, that the shares shall
be deemed personal estate, and shall be transferred by any
conveyance in writing, recorded by the secretary in the
books of the company kept by him in his office, or in such
other and further manner as the by-laws of said company
may provide; and said first section of said act empowered
the board of directors to establish such by-laws and regu-
lations as they may deem proper for the conducting and
management of the affairs of the company.

It is further alleged that the secretary, by the directions
of the company, in pretended obedience to the requirements
of so-called by-laws of the company, refused to record the
conveyance and transfer to Kelly. The requirements of
the by-laws are not further shown than is attempted to be
done by this imperfect statement contained in the petition.
It is not shown, by averment or otherwise, that the board
of directors exceeded their authority in establishing the

by-laws and regulations for the company, or in what particular, if any, these by-laws conflicted with the Constitution or laws. The petition contains no allegation of any penalty provided by law against the acts complained of. The State is not interested in the question whether Mirallis and Garcia, or Kelly, as their assignee, owns the stock.

Williams and others v. The State, 23 Tex., 264, was a proceeding by information to recover the penalty prescribed for a violation of the act of 1848 to suppress illegal banking. The act required the Attorney General to institute it on behalf of the State.

In such a case as that, where the act not only made the offense a misdemeanor and fixed the penalty, but required the Attorney General to institute the proceeding, there could be no doubt of the right to enforce the penalty in the mode prescribed by the statute. If the charter had made the acts complained of a cause of forfeiture, or had declared a penalty not involving a forfeiture, it could be enforced by information or other proper proceeding, without a general or special statute directing it to be brought, as was done in the case of The State v. The Southern Pacific Railroad Company, 24 Tex., 80. "For whenever the State declares by its Legislature that a particular act of malfeasance or nonfeasance by a corporation or its officers shall incur a forfeiture of its charter, the discretion is then exercised, and the will of the State that the forfeiture shall be claimed is then expressed; and as officers cannot suspend the operation of the laws, it is their duty to give effect to that will."

Willful abuse or improper neglect may work a forfeiture of the charter, when excess of power or mistake in the mode of exercising an acknowledged power would not have that effect. (Angell & Ames on Corporations, sec. 776.) The board of directors having the authority, as shown by the petition, to establish by-laws for conducting the affairs of the company, it will not be presumed that the company

abused their authority or exceeded the power admitted to exist in the manner of its exercise.

It appears by the defendant's plea, and which was excepted to by the District Attorney, that Kelly, the assignee of the stock, had brought suit against the company in the same court where the information was instituted, in which Kelly's right to have the shares mentioned in the petition registered in his name on the books of the company was contested, and that the litigation was still pending on appeal in this court. The District Court may. have considered that the rights of the parties should be decided in the pending litigation without resorting to the information. That view of the case, so far as the parties in that litigation were interested, is correct, and the general rule that a party cannot bring a fresh species of action for the same cause whilst the former is pending would be applied, and the plaintiff would be understood as having made his election and waived his remedy by another action. (Tidd's Prac., vol. 1, marg. p. 10; Chit. Pl., vol. 1, 212.) The court may have acted on the supposition that Kelly was the real party in interest in this proceeding, but however that may be, the State is not concluded by the decision, if the franchise of the company has been exercised in derogation of the rights of the State. But for the reasons indicated in the opinion, and as the case is presented upon the record, the judgment of the District Court is affirmed.

AFFIRMED.